J-S63014-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT EAK, | : | |
| | : | |
| Appellant | : | No. 264 EDA 2015 |

Appeal from the PCRA Order November 20, 2014,
Court of Common Pleas, Pike County,
Criminal Division at No. May Term, 1978, No. 29

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED NOVEMBER 05, 2015**

Appellant, Robert Eak ("Eak"), appeals pro se from the order entered on November 20, 2014 by the Court of Common Pleas of Pike County, Criminal Division, dismissing his fifth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, as untimely.  We affirm.

We summarize the relevant facts and procedural history of this case as follows.  On March 29, 1979, a jury convicted Eak of second-degree murder, robbery, and unlawful carrying of firearms.  The trial court sentenced Eak to life imprisonment on the second-degree murder charge and consecutive prison sentences totaling twelve and a half to twenty-five years of incarceration on the remaining charges.  On July 1, 1983, the Supreme Court affirmed Eak's judgment of sentence.

In 1983, 1984, and 1996, Eak filed three separate PCRA petitions, each of which he later withdrew. On October 13 1999, Eak filed his fourth PCRA petition, which the PCRA court denied as untimely on June 29, 2000. On June 5, 2001, this Court affirmed the dismissal of Eak's fourth PCRA petition. On November 10, 2014, Eak filed the instant PCRA petition, his fifth, which the PCRA court once again denied as untimely on November 20, 2014.

On December 22, 2014, Eak filed a timely pro se notice of appeal. The next day, the PCRA court ordered Eak to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On January 9, 2015, Eak filed a timely pro se Rule 1925(b) statement.

Eak's appellate brief is handwritten and difficult to both read and understand. From what we are able to discern, Eak argues that he is eligible for relief because the trial court lacked subject matter jurisdiction over his case; his sentence is greater than the lawful maximum and therefore illegal; and the trial court violated several of his rights under both the United States and Pennsylvania Constitutions.

Prior to determining the merits of Eak's claims, we must determine whether we have jurisdiction to decide his appeal. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010)

(quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

Eak's instant PCRA petition is facially untimely and he does not contest this determination. Accordingly, we are without jurisdiction to decide Eak's

appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). **See id.** Here, Eak did not attempt to plead or prove any of the timeliness exceptions of Section 9545(b)(1) in his PCRA petition.[1] **See** PCRA Petition, 11/10/14. As Eak failed to plead and prove an exception under section 9545(b)(1), we are without jurisdiction to address the merits of his appeal.[2] **See Derrickson**, 923 A.2d at 468.

Order affirmed.[3]

---

[1] On appeal, Eak asserts that the PCRA court should have addressed his claims despite the untimeliness of his PCRA petition contending that his several mental disorders prevented him from bringing his PCRA petition in a timely manner. Even if Eak were correct, he did not raise this claim in his PCRA petition and raises it now for the first time on appeal. **See** PCRA Petition, 11/10/14. Therefore, Eak has waived this claim. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Moreover, such claim does not fall within any of timeliness exceptions of section 9545(b)(1). **See** 42 Pa.C.S.A. § 9545(b)(1).

[2] Eak argues that issues involving the legality of sentence and subject matter jurisdiction are not waivable. This Court, however, has held that such claims do not overcome the timeliness requirements of the PCRA. **See Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) ("[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); **Commonwealth v. Dickerson**, 900 A.2d 407, 412 (Pa. Super. 2006) (holding that this Court lacked jurisdiction to decide claim that the trial court lacked subject matter jurisdiction over appellant's trial because his PCRA petition was untimely).

[3] On August 10, 2015, Eak filed a motion seeking to preclude the Commonwealth from filing a brief in this case because the Commonwealth did not file its brief in a timely manner. Because we have determined that we do not have jurisdiction over this appeal, we dismiss Eak's motion as moot.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2015