COMMONWEALTH of Pennsylvania, Appellee

v.

Charles DICKERSON, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 6, 2006.

Filed May 22, 2006.

Norris E. Gelman, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., ORIE MELVIN and JOHNSON, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Charles Dickerson, appeals from the order entered March 1, 2005, dismissing his fifth collateral petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. The petition was dismissed without a hearing, following proper notice, on the basis of untimeliness. We affirm.

¶ 2 The facts and procedural history may be summarized as follows. On August 12, 1980, Appellant was convicted of first-degree murder, robbery and possessing an instrument of crime following a non-jury trial. He was sentenced on November 12, 1980, to life imprisonment on the murder conviction, with a concurrent term of imprisonment of 5 to 10 years for the robbery conviction, and a consecutive term of imprisonment of 2½ to 5 years for the PIC conviction. Following a direct appeal, this Court affirmed Appellant's judgment of sentence on May 28, 1982, and no further appeal was taken. *Commonwealth v. Dickerson*, 300 Pa.Super. 625, 446 A.2d 699 (1982).

¶ 3 In December of 1982, Appellant filed a *pro se* petition for post-conviction relief. Counsel was appointed, and an amended petition was filed. Evidentiary hearings were held, and the trial court denied post-conviction relief on April 17, 1984. Appellant appealed, and this Court subsequently dismissed the appeal without prejudice on March 28, 1985 for failure to file a brief. Appellant filed another petition on April 8, 1986 seeking reinstatement of his appeal from the denial of his first petition, which the trial court granted on April 28, 1986. This Court affirmed the denial of the petition on March 25, 1988, and Appellant did not pursue a petition for allowance of appeal to our Supreme Court. *Commonwealth v. Dickerson*, No. 1327 Philadel, 377 Pa.Super. 650, 541 A.2d 1149 (unpublished memorandum).

¶ 4 On June 2, 1992, Appellant filed a second post-conviction petition. The PCRA court dismissed the petition on June 19, 1992, and no further appeal was taken. Appellant filed his third PCRA petition on August 25, 1992, which was dismissed on September 24, 1992. Again, no further appeal was taken. Appellant's fourth collateral petition was filed on October 21, 1992. Counsel was appointed and filed an amended petition. An evidentiary hearing on Appellant's claim of ineffective assistance of trial counsel was held, and the trial court dismissed the petition on December 27, 1999. On appeal, this Court affirmed on December 28, 2001, and no further appeal was pursued. *Commonwealth v. Dickerson*, No. 503 EDA 2000, 792 A.2d 1280 (unpublished memorandum). The present counseled PCRA petition, Appellant's fifth, was filed on June 1, 2004. As noted, the petition was dismissed as untimely, and this appeal followed.

¶ 5 Appellant presents the following questions for our review:

I. DID THE PCRA COURT HAVE JURISDICTION TO DETERMINE IF IT HAD JURISDICTION AND DID IT ABUSE ITS DISCRETION IN NOT ALLOWING DISCOVERY OF THE HOMICIDE FILE KEPT BY THE PHILADELPHIA POLICE DEPARTMENT'S HOMICIDE UNIT—WHICH HAD BEEN SUBPOENAED—SO AS TO DETERMINE IF IT DID HAVE JURISDICTION TO RULE ON APPELLANT'S BRADY CLAIM?

II. DID THE PCRA COURT AGAIN FAIL IN ITS OBLIGATION TO DETERMINE IF IT HAD JURISDICTION WHEN IT REFUSED TO REVIEW APPELLANT'S CLAIM THAT THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO PRESIDE OVER AND TRY THIS CASE BECAUSE IT ACCEPTED AN

UNKNOWING AND UNINTELLIGENT WAIVER OF JURY TRIAL FROM A JUVENILE, WHO[,] INTER ALIA, CANNOT WAIVE HIS RIGHT TO TRIAL BY JURY FOR THE, SAME REASONS A JUVENILE IS NOT ALLOWED TO MAKE OTHER DECISIONS AND ENTER INTO OTHER RELATIONSHIPS?

Appellant's brief, at 5.

¶ 6 "When reviewing the denial of a PCRA petition, our scope of review is limited by the parameters of the act." *Williams v. Erie County District Attorney's Office,* 848 A.2d 967, 969 (Pa.Super.2004), *appeal denied,* 581 Pa. 692, 864 A.2d 530 (2004) (internal quotation omitted). "Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." *Id.*

¶ 7 Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition set forth at 42 Pa. C.S.A. § 9545(b)(1)(i)-(iii) is met.[1] *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 76, 753 A.2d 780, 783 (2000). The time limitations set forth in the Act are jurisdictional, and "a PCRA court lacks jurisdiction to address the claims raised in an untimely petition." *Commonwealth v. Crews,* 581 Pa. 45, 50, 863 A.2d 498, 501 (2004). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Gamboa–Taylor,* 562 Pa. at 76, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Where the petition is untimely, it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies. *Crews,* 581 Pa. at 51, 863 A.2d at 501.

¶ 8 Instantly, Appellant's judgment of sentence was affirmed by this Court on May 28, 1982, and he did not seek further review in the Pennsylvania Supreme Court. Therefore, his conviction became final on June 27, 1982, when the time for doing so expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Appellant did not file his current petition until June 1, 2004, almost twenty-two years later. The petition is therefore patently untimely unless it falls within one of the three enumerated exceptions to the time-bar.

¶ 9 Appellant argues that his petition is timely and, therefore, should be addressed on the merits because issue I satisfies the governmental interference exception of section 9545(b)(1)(i), and issue II establishes that the trial court lacked jurisdiction to prosecute Appellant due to an alleg-

---

1. The exceptions to the timeliness requirement are:

   (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

   (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

   (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

   42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

edly defective waiver of his right to a jury trial.

¶ 10 We first discuss the claim involving allegations of governmental interference. Specifically, Appellant contends that the Commonwealth violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by concealing material exculpatory evidence regarding Commonwealth witness Douglas Hinton. According to Appellant, since Hinton was an eyewitness "it is more than logical to conclude that Hinton gave police at least one statement on the evening of the homicide." PCRA petition at 6, C.R. at D–44. And since Appellant was not arrested until nine months later he concludes that "Hinton's statement to police must have contained impeachment material." *Id.* We find Appellant has failed to meet his burden of proof with respect to the applicability of the governmental interference exception.

¶ 11 Appellant's assertions amount to nothing but pure speculation. He offers no proof that any statements were ever given by Douglas Hinton or that if given they constituted *Brady* material. *See Commonwealth v. Lark,* 560 Pa. 487, 746 A.2d 585 (2000) (rejecting appellant's contention that Commonwealth did not reveal deal witness where appellant offered no evidence of any deal, and claim was based on pure conjecture). Here, all that Appellant has put forth is an affidavit from the attorney who represented Appellant at his preliminary hearing who indicates that he has no present recollection of having been provided any statements from Commonwealth witnesses. In fact, he states that it was the policy of the Philadelphia District Attorney's Office at that time not to provide any discovery prior to or at the preliminary hearing. This affidavit cannot serve as proof that the Commonwealth failed to turn over *Brady* material prior to trial.

¶ 12 Moreover, even assuming that Appellant could successfully establish his *Brady* claim and thereby meet the exception found in subsection (b)(1)(i), he has still failed to satisfy the sixty-day time limitation for asserting this exception. As noted above, to qualify for any of the exceptions found in paragraph (b)(1)(i)-(iii), one must not only satisfy the substantive requirements of the exception provision but must also file a petition invoking that exception within sixty days of the date the claim could have been filed. 42 Pa.C.S.A. § 9545(b)(2). Instantly, Appellant's trial counsel, direct appeal counsel or any of the subsequent PCRA attorneys over the past twenty-two years should have been aware of the fact that there was no mention of any statements given to the police at trial or the preliminary hearing. Thus, this claim could have previously been raised and substantiated by conducting an interview with Douglas Hinton to ascertain whether he gave the police any statements. Thus, Appellant has not satisfied the due diligence requirement applicable to this exception. *See Commonwealth v. Breakiron,* 566 Pa. 323, 781 A.2d 94 (2001) (rejecting governmental interference exception where petitioner failed to offer reasonable explanation why, with the exercise of due diligence, alleged interference of government officials could not have been ascertained earlier); *see also, Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581 (1999) (finding sixty day requirement of section 9545(b)(2) not satisfied where defendant failed to explain why information in statements at issue could not have been obtained earlier with the exercise of due diligence).

¶ 13 Appellant further argues that the PCRA court erred in denying his request for discovery pursuant to Pa.R.Crim.P. 902(E)(1) so that he could substantiate his *Brady* claim. This Rule covers discovery

requests in PCRA proceedings and provides that "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P., Rule 902(E)(1), 42 Pa.C.S.A. Mere speculation that *Brady* materials may exist does not constitute a showing of exceptional circumstances as required by this rule. *See Lark, supra,* (finding appellant's request to review government files for evidence of payments to witnesses properly rejected as fishing expedition where allegation was pure speculation). Accordingly, Appellant has failed to demonstrate that the PCRA court abused its discretion in denying his request for discovery.

¶ 14 Appellant next contends that the trial court at the time of trial lacked subject matter jurisdiction because it allegedly accepted an unknowing and unintelligent waiver of Appellant's right to a jury trial. Appellant submits that his waiver colloquy was defective because he was a juvenile and there was no inquiry into whether his mother consented to the waiver. Appellant further argues that he was not mentally sound and thus lacked a full understanding of the rights he relinquished.

¶ 15 We find that such a claim does not overcome the PCRA's one year jurisdictional time-bar as it does not fall within one of the statutory exceptions. Clearly, the facts upon which this claim is predicated were known at the time of the colloquy. Moreover, the question of whether Appellant knowingly and intelligently waived his right to a jury trial was previously litigated on appeal from the denial of his first PCRA petition. *See Commonwealth v. Dickerson,* No. 1327 Philadelphia 1986, 377 Pa.Super. 650, 541 A.2d 1149 (unpublished memorandum) at ¶ 10 (stating "we agree with the trial court that appellant 'knowingly[,] voluntarily and intelligently waived

his right to a jury trial. The 'essential ingredients' of a jury trial were adequately explained to the defendant.' ").

¶ 16 Finally, Appellant alternatively submits that if his petition is untimely, he is nonetheless entitled to a writ of *habeas corpus.* However, the writ of habeas corpus has been subsumed into the PCRA for claims that are cognizable under the Act and is not available merely because an otherwise cognizable claim is jurisdictionally time-barred. *See Commonwealth v. Fahy,* 558 Pa. 313, 332, 737 A.2d 214, 224 (1999) (explaining that "Appellant confuses the issues of whether a claim satisfies the jurisdictional requirements of the PCRA, and whether the PCRA provides a remedy for such a claim."). Here, Appellant's claims would be cognizable if properly raised in a timely petition. Thus, he is not entitled to *habeas corpus* relief.

¶ 17 In summation, we find Appellant's PCRA petition is untimely on its face, and Appellant has failed to plead and prove that his petition meets the requirements of the statutory exceptions to the PCRA's jurisdictional time-bar. This Court and the PCRA court, therefore, lack jurisdiction to consider Appellant's substantive claims. Accordingly, we affirm the order of the PCRA court dismissing Appellant's fifth PCRA petition.

¶ 18 Order affirmed.