J.S36034/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS PIFER, | : | |
| | : | |
| Appellant | : | No. 3117 EDA 2013 |

Appeal from the PCRA Order December 2, 2013
In the Court of Common Pleas of Chester County
Criminal Division No(s).: CP-15-CR-0003424-2005
CP-15-CR-0003468-2005
CP-15-CR-0003494-2005

BEFORE: GANTMAN, P.J., JENKINS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 06, 2014**

Appellant, Dennis Pifer, appeals *pro se* from the order[1] entered in the Chester County Court of Common Pleas dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act[2] ("PCRA"). We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purported to appeal from the October 4, 2013 notice of intent to dismiss PCRA petition. The appeal properly lies from the order dismissing the PCRA petition. We have amended the caption accordingly.

[2] 42 Pa.C.S. §§ 9541-9546.

A prior panel of this Court summarized the facts and procedural history of this case as follows:

> Appellant pled guilty to, *inter alia*, involuntary deviate sexual intercourse. The trial court subsequently determined that Appellant should be classified as a Sexually Violent Predator [ ]. The court sentenced Appellant on September 19, 2006 [to five to ten years' imprisonment]. Appellant did not pursue a direct appeal.
>
> On August 24, 2012, Appellant, acting *pro se*, filed a PCRA petition. The PCRA court appointed counsel to represent Appellant. . . . On November 30, 2012, the PCRA court formally dismissed Appellant's petition and granted counsel's petition to withdraw. Appellant timely filed a notice of appeal.

*Commonwealth v. Pifer*, 1 EDA 2013 (unpublished memorandum at 1-2) (Pa. Super. July 31, 2013). This Court "conclude[d] that Appellant untimely filed his PCRA petition. Consequently, the trial court properly dismissed the petition." *Id.* at 4.

On August 9, 2013, Appellant filed the instant *pro se* PCRA petition. The PCRA court refers to the August 9th PCRA petition as the third petition in its order dismissing the petition:

> [Appellant's] Motion filed on December 12, 2012 is deemed to be a PCRA petition, pursuant to 42 Pa.C.S. § 9542 . . . . Although [Appellant] titled his filing "Motion to Dismiss Due to a Lack of Jurisdiction (Expiration of Statute of Limitations)," the [c]ourt is unpersuaded by this reference. . . . It is clear from the content of the motion that [Appellant] takes issue with this [c]ourt's sentence on September 19, 2006. Accordingly, for jurisdictional purposes, the motion filed prior to the instant PCRA petition is deemed a request for PCRA relief . . . .

Order, 12/2/13, at 2 n.2.  We note that the December 12th motion is not part of the certified record on appeal in the case *sub judice*.

On October 4, 2013, the Court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition as untimely.[3]  On November 12, 2013, Appellant filed a notice of appeal from the Rule 907 notice.  Subsequently, on December 2, 2013, the court dismissed the PCRA petition.  Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a response pursuant to Pa.R.A.P. 1925(a).[4]

---

[3] In the October 4, 2013 order, the PCRA court concluded

> the claims alleged by [Appellant] do not fall under any of the enumerated exceptions to the one-year deadline for filing a PCRA Petition.  Furthermore, all of the issues raised by [Appellant] were known to or could have been ascertained by the exercise of due diligence by [Appellant] at the time of his plea and sentencing or could have been raised in a direct appeal.  [Appellant] failed to raise any exception that would excuse the late filing of his PCRA Petition.  Thus, [Appellant] has no recourse under the exceptions of the PCRA.

Not. of Int. to Dismiss PCRA Pet. Pursuant to Pa.R.Crim.P. 907(1), 10/4/13, at 3-4 n.3.

[4] The PCRA court, in its December 31, 2013 Pa.R.A.P. 1925(a) order, suggested that the instant appeal be dismissed because there was no appeal taken from the December 2, 2013 order.  Order, 1/2/14, at 1.  We decline to dismiss the appeal.  Although Appellant filed his *pro se* notice of appeal prior to the entry of the order dismissing the PCRA petition, we treat the notice of appeal as timely pursuant to Pa.R.A.P. 905(a)(5), which provides: "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."  **See** Pa.R.A.P. 905(a)(5).

Appellant raises the following issues for our review, reproduced verbatim:

> I Did the court error in dismissing the petitioner's P.C.R.A. petition as being untimely? Even though there was sufficient evidence shown that the lower court **lacked subject matter jurisdiction** on all charges on docket # 3494; and several others on docket #3468.Thus making its initial plea agreement ruling **null and void and without force**!

> II Did the lower court error in dismissing the petitioners P.C.R.A. petition? Stating it was "untimely". even though the plea agreement and the judgement entered by the lower court, was null and void. Due to the lower courts **lack of subject matter jurisdiction**thus there being no time limit to challenge its decision.

> III Did the lower court error in denying the petitioners P.C.R.A. challeg-ing the lower courts **lack of subject matter jurisdiction**? Even though the Commonwealth never proved the lower court had subject matter jurisdiction on all charges in Docket #3494:and several others on Docket #3468.Nor did the Commonwealth ever deny that the lower court lacked subject matter jurisdiction.

> IV Did the lower court error in dismissing the petitioners P.C.R.A. petition. as being untimely. even though the challenge to **lack of subject matter jurisdiction** may be raised **at any time**. and it can never be waived

> V Did the court error in dismissing the petitioners P.C.R.A. petition as being untimely? Even though the petitioner was arrested in 1994 for the exact same incident as mentioned. By the alleged victims on docket #"s3494 and 3468.In which all charges were dismissed and expunged. Violating his civil rights and creating a double jeopardy claim.

> VI Did the lower court error in denying the petitioners P.C.R.A. petition? Even though the Commonwealth never filed a **Rule 544,** (a procedural prerequisite). thus divesting the lower court of **subject matter jurisdiction**

(for Docket #3494). thus violating the petitioners due process and civil rights.

VII Did the lower court error in dismissing the petitioners P.C.R.A. petition? Even though many of the charges on docket number's 3494 and 3468, had their statute of limitations **expire**. prior to the petitioners being arrested. Thus divesting the lower court of subject matter jurisdiction. and violating the petitioners due process and civil rights.

VIII Did the lower court error in denying the petitioners P.C.R.A. petition? Even though evidence presented shows that the charges filed against the petitioner. (in Docket #'s 3648 and 3494), were not in effect at the time of the alleged offenses. Thus divesting the lower court of subject matter jurisdiction. And violating the U.S. Constitution Art(1)§(10) and P.A. Constitution Art. (1)§(17). Which prohibits the **ex post facto** application of laws.

IX Did the Commonwealth falsify government records, (or tamper with)? when it changed the incident dates on (4)of the charges on Docket #3424. (violating the rules of criminal procedure. **Rule 564)which** is a prerequisite to change information on an indictment). After the plea agreement, and without the approval of the lower court. Nor the knowledge of the petitioneror his attorney. Violating his due process and civil rights.

Appellant's Brief at 2.

Before examining the merits of Appellant's claims, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition.

We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of Appellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). . . .

*Commonwealth v. Marshall*, 947 A.2d 714, 719-20 (Pa. 2008) (some citations omitted).

Our Supreme Court has stated:

This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. In addition, we have noted that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. We have also recognized that the PCRA's time restriction is constitutionally valid.

***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations and quotation marks omitted).

In ***Commonwealth v. Dickerson***, 900 A.2d 407 (Pa. Super. 2006), the defendant filed a patently untimely PCRA petition. ***Id.*** at 410. He contended, *inter alia*, that "**the trial court at the time of trial lacked subject matter jurisdiction** because it allegedly accepted an unknowing and unintelligent waiver of Appellant's right to a jury trial." ***Id.*** at 412. This Court found "that such a claim does not overcome the PCRA's one year jurisdictional time-bar as it does not fall within one of the statutory exceptions." ***Id.***

> "A sentence is illegal where a statute bars the court from imposing that sentence" or where the sentence subjects a defendant to **double jeopardy**. "[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."

***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) (citations omitted).

Our Supreme Court noted that a substantive due process challenge to the validity of a defendant's judgment of sentence after the passage of nine years is not cognizable under the PCRA. ***Commonwealth v. Hackett***, 956 A.2d 978, 986 (Pa. 2008) (citing ***Commonwealth v. West***, 938 A.2d 1034 (Pa. 2007)), with approval.

In the instant case, Appellant was sentenced on September 19, 2006. His judgment of sentence became final on October 19, 2006, the date by

which he had to file a direct appeal. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, he generally had until October 19, 2007, to file a PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1); ***Marshall***, 947 A.2d at 719. Appellant filed the instant petition on August 9, 2013; therefore, it is patently untimely. We thus review whether Appellant properly pleaded and proved any of the the PCRA timeliness exceptions.

Appellant contends that the trial court lacked subject matter jurisdiction over his criminal charges, and thus the PCRA court erred in dismissing his PCRA petition as untimely. He further avers the petition was timely because of violations of due process, civil rights, and the double jeopardy clause.[5]

In this case, Appellant has not established any of the timeliness exceptions to the PCRA. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); ***Hackett***, 956 A.2d at 956; ***Marshall***, 947 A.2d at 719-20; ***Fowler***, 930 A.2d at 592; ***Dickerson***, 900 A.2d at 412. Thus, his PCRA petition is untimely, divesting the PCRA court of jurisdiction. ***See Robinson***, 837 A.2d at 1161. Accordingly, we affirm the order below dismissing the PCRA petition.

Order affirmed.

---

[5] Although Appellant raises nine questions presented, the argument section of his brief is not divided accordingly and his analysis of each issue is not clearly delineated, in contravention of Pennsylvania Rule of Appellate Procedure 2119(a). ***See*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued.")

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2014