J-S50015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CECIL HOLMES | |
| Appellant | No. 1964 EDA 2014 |

Appeal from the PCRA Order May 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0721531-1979

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 05, 2015**

Appellant, Cecil Holmes, appeals *pro se* from the order dismissing his petition for writ of *habeas corpus* as an untimely petition pursuant to the Post Conviction Relief Act ("PCRA").  We conclude that the trial court correctly treated Holmes's petition as a PCRA petition, and further, that the petition was untimely.  We therefore affirm.

On March 28, 1980, a jury found Holmes guilty of second degree murder, robbery, and criminal conspiracy, and he was subsequently sentenced to an aggregate sentence of life in prison.  The judgments of sentence were affirmed by the Supreme Court of Pennsylvania on July 5, 1983.  In the following decades, Holmes filed multiple collateral attacks on his judgments of sentence, all of which were denied.

On December 18, 2007, he filed the instant petition, which he later supplemented. In his petition, Holmes raised ten explicit issues: (1) that his confession was the result of coercive police tactics; (2) that he was denied his right to a fair and impartial preliminary hearing; (3) that he was denied his right to confront his accuser; (4) that the trial court lacked subject matter jurisdiction over his prosecution; (5) that trial counsel, the prosecutor, and the trial court conspired to deny his right to a fair and impartial trial by jury; (6) prosecutorial misconduct and trial counsel ineffectiveness regarding discovery; (7) that a previous PCRA court had acted in manner to deprive him of his right to a fair collateral proceeding; (8) that former PCRA counsel provided ineffective assistance of counsel on appeal; (9) that he was denied a fair and impartial trial due to trial counsel's conflict of interest in allegedly concurrently representing the Fraternal Order of Police; and (10) a summary allegation that his trial violated the 4th, 5th, 6th, 13th, and 14th amendments to the Constitution of the United States. After the Supreme Court of Pennsylvania ordered that the case be reassigned due to inaction, the trial court entered an order dismissing the petition as an untimely PCRA petition on May 30, 2013. This timely appeal followed.

On appeal, Holmes first argues that the trial court erred in concluding that his petition was subject to the jurisdictional requirements of the PCRA. The scope of the PCRA's eligibility requirements is to be construed broadly in

accordance with the legislature's intent to provide a unitary system for collateral relief. *See Commonwealth v. Hackett*, 598 Pa. 350, 363, 956 A.2d 978, 986 (Pa. 2008). As such, the PCRA subsumes state *habeas corpus* claims so long as the PCRA provides a possible remedy for the claim. *See id*., at 985-986. All of the alleged errors contained in Holmes's petition are cognizable claims under the PCRA. *See*, *e.g.*, *Hackett*. *See also Commonwealth v. Dickerson*, 900 A.2d 407 (Pa. Super. 2006). Therefore, the trial court properly concluded that the petition was subject to the requirements of the PCRA. Holmes's first issue on appeal merits no relief.

In his second and third issues, Holmes argues that the PCRA court[1] erred in concluding that he had not established the after-discovered evidence exception to the time-bar. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004) (citation omitted). As Holmes's PCRA petition was filed over 20 years after

---

[1] Having established that the petition was properly addressed under the PCRA, we adjust our reference from "trial court" to "PCRA court."

the Supreme Court of Pennsylvania affirmed his judgments of sentence,[2] it was not timely, and "the courts have no jurisdiction to grant [Holmes] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 [Pa.C.S.A.] § 9545(b)(1)(i)-(iii) applies." *Commonwealth v. Pursell*, 749 A.2d 911, 914-915 (Pa. 2000). *See also Commonwealth v. Wilson*, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*) ("Since Appellant's PCRA petition is untimely, our review focuses on whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply.").

The PCRA provides for three general exceptions to the timeliness requirements.

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[2] There is no indication that Holmes filed an appeal to the Supreme Court of the United States.

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1)-(2). "[T]o establish jurisdiction under Section 9545(b)(1)(ii), a petitioner *must allege* and prove … his exercise of due diligence in discovering" the newly discovered facts. ***Commonwealth v. Brown***, 111 A.3d 171, 179 (Pa. Super. 2015) (emphasis supplied).

Holmes contends that he has met the exception contained in subsection (b)(1)(ii), commonly called the newly discovered evidence exception. Specifically, Holmes has attached several statements by various third parties that he argues are exculpatory. However, Holmes never pled that he could not have discovered these statements earlier, let alone a reason why he could not have discovered them earlier. Therefore, the PCRA court correctly concluded that Holmes had failed to allege sufficient facts to allow for the application of the newly-discovered evidence exception to the time-bar. Holmes's final two issues on appeal merit no relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/2015