J-S52033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER K. CATER, | : | |
| | : | |
| Appellant | : | No. 2518 EDA 2015 |

Appeal from the PCRA Order July 21, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No: CP-51-CR-0016587-2008

BEFORE:    FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:               **FILED AUGUST 24, 2016**

Christopher K. Cater (Appellant) appeals from the order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court set forth the background underlying this matter as follows.

> In the early afternoon of October 27, 2008, brothers Antonio and Mark Mention, along with their uncle Anthony and friend Adolphus, were standing in vacant lot on the 2900 block of Edgley Street in Philadelphia, watching Adolphus work on his van.  While engaged in conversation, Antonio noticed Appellant and another man driving on to Edgley Street and then back out due to a street closure.  Soon thereafter, Antonio saw Appellant walk towards the men, carrying a bag.  As Appellant approached, he pulled a sawed-off rifle out of the bag, pointed it at the men, and began demanding money from Antonio, Anthony and Mark.  When Mark told Appellant that he had no money, Appellant shot him.  After the shooting Adolphus ran into the house to contact the police.  Mark then turned and ran to a friend's house.  He was subsequently transported to the hospital

---

*Retired Senior Judge assigned to the Superior Court.

> for treatment of a gunshot wound to his arm and stomach. Anthony and Antonio grabbed the rifle from Appellant, began beating him with it and held Appellant until the police arrived. Following a bench trial, the court found Appellant guilty of three counts each of aggravated assault and robbery, one count of possessing an instrument of crime, and one count of carrying a firearm without a license. On June 4, 2010, the trial court imposed an aggregate sentence of seven and one-half to fifteen years' incarceration.

*Commonwealth v. Cater*, 37 A.3d 1241 (Pa. Super. 2011) (unpublished memorandum at 1-2). This Court affirmed Appellant's judgment of sentence on October 24, 2011. *Id.*

On January 13, 2012, Appellant *pro se* filed a PCRA petition. Counsel was appointed and, for reasons not apparent from the record, different counsel entered an appearance on May 30, 2014. On August 26, 2014, an amended petition was filed. The Commonwealth filed a motion to dismiss, and the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On July 21, 2015, the PCRA court dismissed the petition. This appeal followed.

On appeal, Appellant raises one issue for our consideration: "Where a petitioner in a PCRA petition raises substantial issues of material fact should the court grant discovery and an evidentiary hearing?" Appellant's Brief at 8.

"This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by

evidence of record and is free of legal error." **Commonwealth v. Brandon**, 51 A.3d 231, 233 (Pa. Super. 2012).

Appellant contends that the PCRA court improperly denied him an evidentiary hearing and discovery on the claim that his counsel was ineffective for failing to have the firearm used during the incident in question tested for fingerprint evidence. Appellant's Brief at 14. Appellant also argues that the PCRA court should have granted him a hearing on his claim that his counsel was ineffective for failing to question Mark Mention about his providing a false name and address to hospital personnel in order to attack his credibility. **Id.** at 15.

"A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact. A PCRA court's decision denying a claim without a hearing may only be reversed upon a finding of an abuse of discretion." **Commonwealth v. Walker**, 36 A.3d 1, 17 (Pa. 2011) (citations omitted).

> It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted).

With respect to discovery under the PCRA, Pa.R.Crim.P. 902 provides, in relevant part, that "[e]xcept as provided in paragraph (E)(2) [relating to a first, counseled petition in a death penalty case], no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R .Crim.P. 902(E)(1). "The PCRA and the criminal rules do not define the term 'exceptional circumstances.'" *Commonwealth v. Frey*, 41 A.3d 605, 611 (Pa. Super. 2012). "Rather, it is for the trial court, in its discretion, to determine whether a case is exceptional and discovery is therefore warranted." *Id.* (citation omitted). "The denial of a request for post-conviction discovery is reviewed for an abuse of discretion. *Commonwealth v. Edmiston*, 65 A.3d 339, 353 (Pa. 2013) (citation omitted). Mere speculation that exculpatory materials may exist does not constitute a showing of exceptional circumstances. *See Commonwealth v. Dickerson*, 900 A.2d 407, 412 (Pa. Super. 2006). Moreover, "[d]iscovery in PCRA proceedings cannot be used as an excuse for engaging in a 'fishing expedition.'" *Edmiston*, 65 A.3d at 353 (citation omitted).

Because Appellant's claims pertain to the alleged ineffective assistance of his counsel, we further observe that

> a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the

truth-determining process that no reliable adjudication of guilt or innocence could have taken place. …

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (internal quotation marks and citations omitted).

> To satisfy the prejudice prong, it must be demonstrated that, absent counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. If it has not been demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone, and the court need not first decide whether the first and second prongs have been met.

***Commonwealth v. Perez***, 103 A.3d 344, 348 (Pa. Super. 2014) (citation omitted).

Regarding counsel's failure to have the firearm tested for fingerprints, Appellant argues that he informed his counsel "that he never possessed the firearm and that its testing for fingerprint evidence would have produced evidence that would have exonerated him." Appellant's Brief at 14. Appellant argues that this constituted ineffective assistance of counsel

"which could only have been proven by the holding of an evidentiary hearing and permitting discovery," as he needs to ascertain whether the firearm "is still in the possession of the Commonwealth and whether testing would demonstrate that said evidence could have changed the outcome of the trial." ***Id.***

Appellant's bald claim that the fingerprint evidence would have exonerated him amounts to nothing more than mere speculation as to the prejudice Appellant allegedly suffered and, thus, it is insufficient to meet his burden under the ineffectiveness test. ***See Commonwealth v. Charleston***, 94 A.3d 1012, 1026 (Pa. Super. 2014) ("Unsupported speculation does not establish reasonable probability."); ***Commonwealth v. Pursell***, 724 A.2d 293, 311 (Pa. 1999) ("Claims of ineffective assistance of counsel that are based on speculation and conjecture do not adequately establish the degree of prejudice necessary."). Moreover, we fail to see how he was prejudiced given that such evidence is not exculpatory *per se*. ***See Commonwealth v. Wright***, 388 A.2d 1084, 1086 (Pa. Super. 1978) ("[T]he absence of appellant's fingerprints is not exculpatory *per se* and might be explained [by] any one of many reasons consistent with his guilt."). ***See also Commonwealth v. Heilman***, 867 A.2d 542, 547 (Pa. Super. 2005) ("In DNA as in other areas, an absence of evidence is not evidence of absence."). For these reasons, his ineffectiveness claim fails

and, consequently, the PCRA court did not abuse its discretion in denying Appellant a hearing on this claim.

As for Appellant's discovery request, it is clear that Appellant is attempting merely to engage in a fishing expedition for potentially exculpatory evidence. Thus, the PCRA court did not abuse its discretion in denying Appellant's request.

With respect to counsel's failure to attack Mark Mention's credibility through cross-examination about his providing a false name and address to hospital personnel, Appellant's argument is as follows.

> [T]he testimony of the two complaining witnesses were the only evidence against … Appellant. If one of those two witnesses lied about basic information such as his name and address when he was taken to the hospital his credibility could have been called into question. There is no downside to confronting the witness on the issue. Proper cross[-]examination could have made a difference in the outcome of the trial. The failure of counsel to question him about that constitutes ineffective assistance of counsel.

Appellant's Brief at 15.

In addressing this claim, the PCRA court explained that "[d]uring the sentencing hearing the Commonwealth advised … that Mark Mention gave his mother's surname and address to hospital personnel.[1] Clearly, the fact

---

[1] The Commonwealth explained this information prior to sentencing during argument on Appellant's motion for a new trial. N.T., 6/4/2010/, at 9-10 ("[T]he medical records were stipulated to. … They clearly show that his mother's name is Michelle Mitchell. So that may be something as to why he had given the name Mark Mitchell and a different address, which was, I

- 7 -

that he did so is not so earth shattering such that the presentation of this information at trial would have resulted in a different verdict given the overwhelming evidence of guilt presented at trial." PCRA Court Opinion, 12/18/2015, at 6-7 (citation omitted). In light of this conclusion and Appellant's unsupported arguments that Mark Mention's "credibility could have been called into question" and that the line of questioning "could have made a difference in the outcome of the trial," Appellant has failed to convince us that there is a reasonable probability that the outcome of his trial would have been different had that line of questioning been pursued. ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1275 (Pa. Super. 2013) ("It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.") (citation omitted). Indeed, Appellant has not even alleged that such information would be impeaching, as there are a number of reasons that could explain why Mark Mention provided his Mother's surname and address to the hospital (including that she was his emergency contact). Thus, this ineffectiveness claim fails, and the PCRA court did not

---

believe, his mother's address. At the time she was listed as an emergency contact."). Appellant does not dispute that the surname and address Mark Mention provided were that of his mother.

abuse its discretion in denying Appellant an evidentiary hearing on this claim.[2]

Appellant has failed to establish that he is entitled to relief. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/24/2016

---

[2] Appellant argues that whether counsel had a reasonable basis for his "fail[ure] to litigate the issues raised in the PCRA petition is a material issue of fact" and that "[t]he only way to make such a determination would have been for the court to have held an evidentiary hearing." Appellant's Brief at 13. Appellant further argues that because the court declined to hold a hearing and "made no inquiry into the issue," its decision was improper. *Id.* Because Appellant is not entitled to a hearing as of right and "[t]he PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of the[ ineffectiveness] prongs," *Franklin*, 990 A.2d at 797, Appellant's claim is meritless.