J-S30020-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN HENRY MILLER | |
| Appellant | No. 1389 WDA 2017 |

Appeal from the PCRA Order entered August 24, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0001474-2008

BEFORE:  BENDER, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

JUDGMENT ORDER BY STABILE, J.:                FILED AUGUST 21, 2018

Appellant, John Henry Miller, appeals pro se from the August 24, 2017 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 30, 2009, Appellant pled guilty to two counts of unlawful possession of a firearm, receiving stolen property, and possession with intent to deliver a controlled substance.[1]  On February 9, 2009, the trial court sentenced him to an aggregate five to ten years of incarceration.  Appellant did not file a direct appeal, and therefore his judgment of sentence was final on March 11, 2009, the final day in the appeal period.  Appellant filed a timely

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 6105, 6106, and 3925, and 35 P.S. § 780-113(a)(30).

first PCRA petition on December 3, 2009, and the PCRA court denied relief on March 3, 2010. Appellant filed the instant pro se petition on July 19, 2017, well outside of the PCRA's one-year time bar. 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"). To obtain review of the merits, Appellant bears the burden of pleading and proving the applicability of one of the PCRA's timeliness requirements set forth at § 9545(b)(1)(i-iii). Commonwealth v. Dickerson, 900 A.2d 407, 410 (Pa. Super. 2006), appeal denied, 911 A.2d 933 (Pa. 2006).

Instantly, Appellant claims his petition is timely because he asserts that he is serving an illegal sentence. Appellant's Pro Se Brief at 8 ("[A]n ILLEGAL sentence is always subject to collateral attack.") (capitalization in original). Appellant is incorrect. Although our courts treat legality of a sentence as non-waivable, a PCRA court does not have jurisdiction over the issue unless the petition is timely or meets a timeliness exception. Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999). That is, illegality of a sentence does not excuse compliance with the PCRA's jurisdictional time bar. The PCRA court did not err in dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2018