J-S24025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL TORRES | |
| Appellant | No. 1244 EDA 2019 |

Appeal from the PCRA Order Entered March 29, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000548-2014

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 20, 2020**

Appellant, Michael Torres, appeals from the March 29, 2019 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On May 19, 2016, a jury found Appellant guilty of possession of controlled substances with intent to deliver, conspiracy, and several firearms offenses.[1]  On July 22, 2016, the trial court imposed an aggregate 7½ to 20 years of incarceration.  On July 27, 2017, this Court affirmed the judgment of sentence and granted counsel's petition to withdraw pursuant to ***Anders v.***

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  75 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 903, 6105, 6106, and 6108.

*California*, 386 U.S. 738 (1967). Appellant did not seek allowance of appeal from our Supreme Court.

Appellant filed this timely first *pro se* PCRA petition on March 5, 2018. Appointed counsel filed an amended petition on June 29, 2018. Appellant filed several requests for further investigation both before and after counsel's amended petition. The PCRA court's handling of those requests, which is governed by Pa.R.Crim.P. 902(E), is at issue in this appeal. The PCRA court entered its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 on February 28, 2019, and then dismissed the petition as set forth above. This timely appeal followed. Appellant raises a single issue: "Did the PCRA court error [sic] in failing to grant [Appellant's] motion for discovery in order to allow proper analysis by court-appointed counsel?" Appellant's Brief at 2.

Before we address the merits, we consider the PCRA court's opinion that Appellant's concise statement of issues complained of on appeal, pursuant to Pa.R.A.P. 1925(b), is fatally deficient. Appellant raised two issues in his Rule 1925(b) statement:

> 1. The trial court abused its discretion in denying petitioner's PCRA without a hearing because there were material issues of fact material [sic] necessary to be determined for disposition.
>
> 2. The trial court erred in not granting petitioner's request for discovery as a matter of law.

Appellant's Pa.R.A.P. 1925(b) Statement, 5/29/19, at 1. The PCRA court observed that Appellant's Rule 1925(b) statement fails to describe the material issues of fact, and that it does not describe why the PCRA court was wrong in denying Appellant's discovery request. PCRA Court Opinion, 6/15/19, at 9. Nonetheless, the PCRA court went on to address its reasons for denying Appellant's discovery request, and the need for discovery is the sole issue Appellant addresses in his appellate brief. Because Appellant's vague concise statement has not hampered our review in this case, we will address the merits.

We review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). The PCRA court may dispose of a petition without a hearing when it is satisfied that the petition raises no genuine issues of material fact. Pa.R.Crim.P. 907(1). Regarding discovery in PCRA proceedings, Rule 902(E) of the Pennsylvania Rules of Criminal Procedure provides:

**(E) Requests for Discovery**

(1) Except as provided in paragraph (E)(2), no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances.

(2) On the first counseled petition in a death penalty case, no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of good cause.

Pa. R. Crim. P. 902(E). As this is not a death penalty case, Appellant was required to demonstrate exceptional circumstances in support of his discovery

- 3 -

request. The PCRA and the applicable rules do not define "exceptional circumstances" that would support discovery on collateral review. *Id.* at 611. "Rather, it is for the trial court, in its discretion, to determine whether a case is exceptional and discovery warranted." *Commonwealth v. Frey*, 41 A.3d 605 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013) (citing *Commonwealth v. Dickerson*, 900 A.2d 407, 412 (Pa. Super. 2006), *appeal denied*, 911 A.2d 933 (Pa. 2006)). We will not reverse the PCRA court's determination absent an abuse of discretion. *Id.* "Mere speculation" that exculpatory evidence may exist does not establish that exceptional circumstances exist. *Dickerson*, 900 A.2d at 412; *see also Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011) (holding that a showing of good cause under Rule 902(E)(2) "requires more than just a generic demand for potentially exculpatory evidence[.]"); *cert denied*, 586 U.S. 1091 (2013).

Appellant's discovery request arose out of the trial court's denial of his pre-trial request to identify a Confidential Informant ("CI"). Appellant's defense at trial was mistaken identity, and the only witnesses of the drug transactions, other than the CI, were police officers. N.T. Hearing, 7/10/15, at 5. A police officer testified that the CI was still serving as an informant, and that identifying any CI can result in his or her death and possibly the death of family members. *Id.* at 8, 25. The trial court denied the motion to identify, and the case proceeded to trial.

Presently, Appellant claims that the first trial judge ordered the CI file to be reviewed *in camera*. Appellant notes that nothing in the record confirms that the second trial judge—and the one who ultimately denied Appellant's motion to identify the CI—ever conducted the *in camera* review. Thus, Appellant claims the PCRA court erred in denying his motion for discovery of the CI's file, in order that PCRA counsel could review it and ascertain whether any meritorious claim might arise from it. Appellant's Brief at 6.[2]

Appellant relies on **Frey**, in which the petitioner, Frey, was convicted of murder before police recovered the victim's body. Frey had confessed to killing the victim, Johnson, prior to his conviction, and a large body of circumstantial evidence pointed to his guilt. **Frey**, 41 A.3d at 607-08. Several years after his conviction, however, the Commonwealth recovered and identified Johnson's remains and provided a forensic report to Frey and his counsel. Frey filed a PCRA petition seeking a new trial based on after discovered evidence. According to Frey, the forensic report indicated that Johnson's death occurred after Frey was incarcerated. A third person, Farmer, who was associated with Frey and suspected of involvement in Johnson's death, was murdered while Frey was incarcerated. Farmer's murder occurred near the location where police recovered Johnson's remains. **Id.** at 608-09. Frey filed a motion for discovery under Rule 902(E)(1) regarding the Farmer

---

[2] Appellant acknowledges that counsel might choose to file a no-merit letter after reviewing the file. Appellant's Brief at 6.

homicide file, hoping to procure evidence that the same person killed Farmer and Johnson, and that it could not have been Frey. The PCRA court granted the motion and the Commonwealth appealed. *Id.* This Court accepted review under the collateral order doctrine and affirmed, relying upon the unusual event of a murder conviction without a victim's body, combined with facts reasonably supporting Frey's theory that an unknown party may have been involved in the Johnson and Farmer murders. *Id.* at 611-14. The dissenting Judge noted the overwhelming body of evidence linking Frey to Johnson's murder, including his confessions and several witnesses who testified that they heard Frey express his intent. *Id.* at 614-18 (Bowes, J. dissenting). The dissent concluded that the discovery request was based on mere speculation.

The circumstances of the present case are far removed from those of *Frey*. Here, the Commonwealth produced direct evidence, in the form of eyewitnesses, to Appellant's drug transactions. Police observed Appellant conducting drug transactions on several occasions, then obtained and executed search warrants that produced incriminating evidence. These are common circumstances underlying a drug prosecution, rather than a rare prosecution for murder without a victim's body. Furthermore, there is no newly discovered evidence in this case that requires further investigation. There is no reason to believe that the CI would have contradicted the police officer's identification of Appellant. As such, Appellant's request for discovery of the CI's file is based on mere speculation, a fact he acknowledges in his

brief. Appellant's Brief at 6 ("Once [the CI's file is] received, counsel can make the next necessary determination of whether or not this omission was prejudicial and possibly even file a no-merit letter."). Furthermore, Appellant's brief is silent on the substance of any collateral claim he hoped to be able to raise.

Based on the foregoing, we discern no abuse of discretion in the PCRA court's denial of Appellant's discovery request, nor do we discern any error in the court's dismissal of Appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/20