J-A04021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PRESTON WAYNE WALTERS | : | |
| | : | |
| Appellant | : | No. 381 MDA 2024 |

Appeal from the PCRA Order Entered February 26, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002967-2014

BEFORE: LAZARUS, P.J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED: JUNE 24, 2025**

Appellant Preston Wayne Walters appeals *pro se* from the order dismissing his Post Conviction Relief Act[1] (PCRA) petition as untimely. On appeal, Appellant argues that he established both the governmental interference and the newly-discovered fact exceptions to the PCRA time bar based on alleged defects in the criminal complaint. Following our review, we affirm.

The underlying facts and procedural history of this matter are well known to the parties. *See Commonwealth v. Walters*, 159 MDA 2015, 2015 WL 7738045 (Pa. Super. filed Dec. 1, 2015) (unpublished mem.). By way of background, Appellant was convicted of robbery and sentenced to a term of ten to twenty years' incarceration on December 20, 2014. After this

---

[1] 42 Pa.C.S. §§ 9541-9546.

Court affirmed Appellant's judgment of sentence on direct appeal, Appellant did not seek further review with the Pennsylvania Supreme Court. ***See id.*** Appellant subsequently filled three PCRA petitions, all of which were ultimately denied.

On January 8, 2024, Appellant filed the instant *pro se* PCRA petition, his fourth. Therein, Appellant purported to raise both the newly-discovered fact and governmental interference exceptions to the PCRA time bar.

On January 23, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant subsequently filed a response. Ultimately, the PCRA court issued an order dismissing Appellant's petition without a hearing.[2]

Appellant filed a timely notice of appeal. The PCRA court issued a Rule 1925(a) order adopting the reasoning set forth in its Rule 907 notice.

On appeal, Appellant raises the following issue for review:

Did the [PCRA] court err in unlawfully dismissing [Appellant's] timely exceptional, PCRA [petition] and response to intent to dismiss, [Appellant's] naming, showing, and proving of multiple violations of [the] Pennsylvania Rules of Criminal Procedure, resulting [in] further violating the constitutional, guaranteed, and protecting rights of [Appellant] who has been unlawfully detained, tried, convicted, and sentenced, by a process of law, that does not

_____

[2] We note that although the PCRA court initially believed that Appellant submitted his Rule 907 response after the due date, Appellant's response was timely under the prisoner mailbox rule. ***See*** PCRA Ct. Rule 1925(a) Order, 3/18/24, at 1. Therefore, the PCRA court noted that its initial order, filed on February 26, 2024, was premature. On March 18, 2024, the PCRA court issued an order formally dismissing Appellant's petition and stating that it subsequently reviewed Appellant's Rule 907 response and had concluded that he was not entitled to relief. ***See id.***

exist under the laws of the Commonwealth, by two (2) courts who neither had jurisdiction by law, of [Appellant] nor the subject matter, under the rightful laws of the Commonwealth.

Appellant's Brief at 6 (some formatting altered).

As noted previously, it appears that Appellant is attempting to raise the governmental interference and the newly-discovered fact exceptions to the PCRA's time bar based on alleged defect in the criminal complaint. *See id.* at 12-13.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.

§ 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies."

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

*Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

The PCRA court addressed Appellant's claim as follows:

[Appellant] has not established, nor sufficiently alleged, a timeliness exception pursuant to 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

\* \* \*

[Appellant's] sole reference to the facial untimeliness of his petition is the statement that he "was denied 'access to the courts' at a critical period of [his] preparation of PCRA petition." He suggests that this lack of access constitutes governmental interference with the presentation of his claim pursuant to § 9545(b)(1)(i), but he provides absolutely no facts in support of that claim. He does suggest that his substantive claims, various technical arguments related to the filing of the criminal complaint and the criminal information, were only made known to him in March 2022 by an inmate working in the prison law library.

Therefore, it appears that [Appellant's] argument, which is the same one he put forth in his third PCRA petition, is that the "defects" in the charging documents were unknown to him, thereby satisfying the exception prescribed by § 9545(b)(1)(ii). However, that exception also requires that the facts "could not have been ascertained by the exercise of due diligence." The criminal complaint [Appellant] currently has is the same one that has always existed in his case, and nothing has prevented [Appellant] from raising this claim earlier in a timely fashion. *See Commonwealth v. Dickerson*, 900 A.2d 407 (Pa. Super. 2006) (rejecting untimely PCRA claim that trial court lacked subject matter jurisdiction; the facts upon which the claim was predicated were known and thus the claim was not subject to any exception).

PCRA Ct. Rule 907 Notice, 1/23/24, at 3-4 (some formatting altered); *see also Commonwealth v. Walters*, 924 MDA 2022, 2022 WL 17661613 at *2 (Pa. Super filed Dec. 14, 2022) (unpublished mem.) (affirming the denial of

- 5 -

Appellant's third PCRA petition and noting that his claim regarding the criminal complaint did not establish a timeliness exception).

Here, it is undisputed that Appellant's instant petition is facially untimely, as it was filed more than eight years after his sentence became final in 2015. *See* 42 Pa.C.S. § 9545(b)(1); *see Walters*, 2022 WL 17661613 at *2. Further, as noted by the PCRA court, Appellant has failed to establish any exception to the PCRA's one-year time bar. For these reasons, we conclude that Appellant's petition is untimely. *See Albrecht*, 994 A.2d at 1094; *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/24/2025</u>