J-S96041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRIQUE PATTERSON | |
| Appellant | No. 1029 WDA 2016 |

Appeal from the PCRA Order Dated July 1, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000295-2003

BEFORE: BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.: **FILED APRIL 18, 2017**

Appellant, Tyrique Patterson, appeals *pro se* from the order dismissing as untimely his seventh petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S. §§ 9541-46. We affirm.

On June 9, 2003, a jury convicted Appellant of third-degree murder, robbery of a motor vehicle, and criminal trespass. On July 22, 2003, the trial court sentenced him to an aggregate 22½ to 45 years' incarceration. Appellant filed a post-sentence motion, as well as a direct appeal. We affirmed Appellant's judgment of sentence on June 4, 2004. ***Commonwealth v. Patterson***, 858 A.2d 1273 (Pa. Super. 2004) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

Thereafter, Appellant filed a succession of petitions in which he sought post-conviction relief. The PCRA court has detailed the "exhaustive

procedural history which followed [Appellant's] direct appeal"; we adopt and incorporate the PCRA court's recitation of the procedural history for purposes of this appeal. **See** PCRA Court Opinion, 8/29/16, at 2-3.

Most recently, on May 19, 2016, Appellant filed the *pro se* PCRA petition presently before us. The PCRA court issued notice of its intention to dismiss the petition pursuant to Pa.R.Crim.P. 907 on June 1, 2016, and dismissed the petition on July 1, 2016. This timely appeal followed.

Appellant states his sole issue on appeal as follows:

> Whether the Trial Court erred or abused its discretion when it dismissed Appellant's Newly-Discovered Evidence Post-Conviction Relief Act Petition without holding an evidentiary hearing on Appellant's **Brady** violation in failing to disclose that both the victim and Commonwealth star witness had crimes and convictions involving crimen falsi, where genuine issues of material fact existed, which, if proven, would entitle Appellant to relief.

Appellant's Brief at 4.

Our standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is frivolous and without

support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1104 (Pa. Super. 2001).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S. § 9543(a)(2), and that the issues he raises have not been previously litigated. ***Commonwealth v. Carpenter***, 725 A.2d 154, 160 (Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. ***Carpenter***, 725 A.2d at 160; 42 Pa.C.S. § 9544(a)(2), (3).

In addition, the petition must be timely, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S. sections 9545(b)(1)(i), (ii), and (iii), is met.[1]  42 Pa.C.S.

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the

*(Footnote Continued Next Page)*

§ 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Hernandez*, 79 A.3d 651-52 (citations omitted); *see also* 42 Pa.C.S. § 9545(b)(2).

Instantly, after this Court affirmed Appellant's judgment of sentence on June 4, 2004, Appellant did not petition for allowance of appeal with the Supreme Court. Appellant's judgment of sentence thus became final on July 6, 2004, after the 30 day period for filing a petition for allowance of appeal expired. *See* 42 Pa.C.S. § 9545(b)(3). Because Appellant did not file the petition at issue until May 19, 2016, his petition was untimely unless he satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, 79 A.3d at 651.

Within his brief, Appellant claims that he is entitled to an evidentiary hearing and/or a new trial because the Commonwealth withheld evidence

*(Footnote Continued)* ─────────────

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §§ 9545(b)(1)(i), (ii), and (iii).

from him at trial in contravention of **Brady v. Maryland**, 373 U.S. 83 (1963). He therefore invokes the exception for the discovery of facts that "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Appellant maintains that it was not until his sister mailed him documentary evidence of "the criminal arrest and conviction records of the victim and the Commonwealth star witness," which he says he received on April 29, 2016, that he first learned of the criminal records, and that such records would have supported his theory of self-defense at trial. **See** Appellant's Brief at 11. He says that he filed his PCRA petition within 60 days of learning of this "new evidence," as required by Section 9545(b)(1)(ii) of the PCRA. **See** Appellant's Brief at 8-17.

Appellant's argument is meritless because it is untimely and was previously litigated. In reviewing a prior appeal by Appellant from the denial of one of his earlier PCRA petitions, this Court stated:

> Appellant asserts that the Commonwealth withheld evidence from him in the form of the criminal records of two Commonwealth witnesses, as well as the criminal record of the victim. According to Appellant, his petition was timely because "he had no knowledge of this evidence or its suppression until he talked with someone with knowledge in the institutional law library" on June 8, 2013. **See** Appellant's Brief at 11-15.
>
> Appellant has failed to meet his burden of proof of establishing the criminal records were in fact exculpatory. **See, e.g., Commonwealth v. Dickerson**, 900 A.2d 407 (Pa. Super. 2006).

- 5 -

***Commonwealth v. Patterson***, 102 A.2d 543 (Pa. Super. 2014) (No. 1515 WDA 2013, unpublished memorandum at 3). Thus, as in this case, Appellant argued in his earlier PCRA case that the Commonwealth withheld criminal records of the victim, Tony Thomas. In addition, one of the Commonwealth witnesses whose criminal records were claimed by Appellant to have been withheld in that earlier matter was Jacob Hackett, the "star witness" about whose records he complains in this case. ***See*** Appellant's Brief in No. 1515 WDA 2103, at 13-14 (March 11, 2014). In our 2014 decision, this Court rejected Appellant's contentions regarding the criminal records of the victim and Jacob Hackett. We also concluded that Appellant's contention regarding the alleged withholding of criminal records regarding Tony Thomas and Jacob Hackett did not satisfy the timeliness exception in Section 9545(b)(1)(ii). If the contention was untimely in 2014, it certainly is untimely now.

Because Appellant's most recent petition is untimely, and because it raises claims that were previously litigated, Appellant is not entitled to post-conviction relief. We therefore affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

- 6 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/18/2017</u>