J. S26022/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH M. BENESHUNAS | : | |
| APPELLANT | : | |
| | : | |
| | : | No. 1541 MDA 2016 |

Appeal from the PCRA Order August 29, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000745-1995

BEFORE: BOWES, J., DUBOW, J., and FITZGERALD, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 16, 2017**

Appellant, Joseph M. Beneshunas, appeals from the August 29, 2016 Order entered in the Court of Common Pleas of Schuylkill County dismissing his third Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

On January 21, 1997, a jury convicted Appellant of First-Degree Murder and related offenses for the shooting death of his girlfriend, and the trial court subsequently sentenced Appellant to a mandatory term of life

---

[*] Former Justice specially assigned to the Superior Court.

imprisonment.[1] On November 30, 1998, this Court affirmed Appellant's Judgment of Sentence, and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on April 20, 1999. *Commonwealth v. Beneshunas*, 738 A.2d 454 (Pa. 1999). Appellant did not seek review by the United States Supreme Court. Appellant's Judgment of Sentence, therefore, became final on July 19, 1999. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

On July 21, 2016, more than seventeen years after his Judgment of Sentence became final, Appellant filed the instant *pro se* PCRA Petition, his third, raising an *Alleyne*[2] claim. On August 11, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing. Appellant filed a timely *pro se* "Objection to Notice of Intent to Dismiss with an Alternative *Habeas Corpus* Pleading." On August 29, 2016, after consideration of Appellant's response, the PCRA court dismissed Appellant's Petition without a hearing, concluding that "*Alleyne* does not apply retroactively to collateral attacks on mandatory minimum

---

[1] 18 Pa.C.S. § 1102.

[2] *Alleyne v. United States*, 133 S.Ct. 2151, 2160-61 (U.S. 2013) (holding that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt).

sentences."[3]  PCRA Court Opinion, filed 8/29/16, at 2.  Appellant timely appealed.

Appellant challenges the denial of his PCRA Petition, asserting that (1) the PCRA court should have addressed his Alternative *Habeas Corpus* Pleading as separate from his PCRA petition, and (2) his **Alleyne** claim is timely based on the holding in **Montgomery v. Louisiana**, 136 S.Ct. 718 (U.S. 2016).[4]

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error.  **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).  There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact.  **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition.  **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008)

---

[3] The PCRA court also concluded the "Alternative *Habeas Corpus* Pleading" was a response to the Notice of Intent to Dismiss, rather than a separate petition for writ of *habeas corpus*.

[4] In **Montgomery**, the United States Supreme Court held that the rule announced in **Miller v. Alabama**, 132 S.Ct. 2455 (U.S. 2012), prohibiting mandatory life sentences without parole for juvenile offenders, is a substantive constitutional rule that applies retroactively on state collateral review.

(explaining that the timeliness of a PCRA Petition is a jurisdictional requisite). Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on July 19, 1999, upon expiration of the time to file a Petition for Writ of Certiorari with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. In order to be timely, Appellant needed to submit his PCRA Petition by July 19, 2000. 42 Pa.C.S. § 9545(b)(1). Appellant filed this PCRA Petition on July 21, 2016, more than sixteen years after the one-year deadline. Thus, Appellant's Petition is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must be

filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Appellant invokes the third timeliness exception to challenge the legality of his sentence, which allows an untimely filing if the petition asserts a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Although a legality of sentence claim cannot be waived, it must be timely raised, *i.e.*, within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

In support of his challenge, Appellant erroneously argues that *Alleyne* announced a new substantive rule made retroactive by *Montgomery*. However, the Pennsylvania Supreme Court recently concluded that the constitutional rule announced in *Alleyne* is procedural, not substantive, and unequivocally held that "*Alleyne* does not apply retroactively to cases pending on collateral review[.]" *Commonwealth v. Washington*, 142 A.3d 810, 818-20 (Pa. 2016). Accordingly, Appellant's reliance on

***Montgomery*** is misplaced and his ***Alleyne*** claim does not fall under one of the Section § 9545(b)(1)(iii) timeliness exceptions.[5]

Further, the holding in ***Montgomery*** is that the rule announced in ***Miller***, ***supra***, holding juveniles cannot be sentenced to life in prison without parole, is substantive for purposes of retroactivity. This is not a case involving a juvenile, and, therefore, ***Montgomery*** does not apply.[6]

With respect to Appellant's challenge to the PCRA court's treatment of his "Alternative *Habeas Corpus* Pleading," we note that it is well established that "the writ of *habeas corpus* has been subsumed into the PCRA for claims that are cognizable under the [PCRA] and is not available merely because an otherwise cognizable claim is jurisdictionally time-barred." ***Commonwealth v. Dickerson***, 900 A.2d 407, 412 (Pa. Super. 2006) (citation omitted).

In his "*Habeas Corpus* Pleading," Appellant raised the same issues as those raised in his Objection to the PCRA court's Rule 907 Notice. The PCRA court properly considered the pleading to be part of his response to the Rule 907 Notice, rather than as a separate *habeas corpus* petition.

---

[5] Additionally, the trial court sentenced Appellant to a mandatory term of life imprisonment pursuant to 18 Pa.C.S. § 1102, a sentencing statute which does not permit imposition of a lesser term. Accordingly, ***Alleyne*** is inapplicable in Appellant's case.

[6] Moreover, ***Montgomery***, ***supra***, was decided on January 25, 2016. Assuming, *arguendo*, that ***Montgomery*** is applicable here, Appellant had until March 25, 2016 to file a PCRA Petition. ***See*** 42 Pa.C.S. § 9545(b)(2). Appellant did not file the instant PCRA Petition until July 21, 2016, thus rendering it untimely in any event.

In conclusion, Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and the PCRA court properly dismissed Appellant's untimely Petition and properly addressed Appellant's "Alternative *Habeas Corpus* Pleading." The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2017