J-S31026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :      PENNSYLVANIA
   :
      v.   :
   :
   :
   :
RUFUS E. WEARY   :
   :
      Appellant   :   No. 506 EDA 2017

Appeal from the PCRA Order January 9, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008916-2008

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:           **FILED JULY 2, 2018**

Rufus E. Weary appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  After our review, we affirm.

Following trial,[1] a jury convicted Weary of third-degree murder and related offenses as a result of the homicide death of the victim, David McCoy, who died of multiple gunshot wounds.  On July 16, 2012, the Honorable Sandy L.V. Byrd sentenced Weary to an aggregate term of 70 to 142 years' imprisonment.   On direct appeal, this Court affirmed Weary's judgment of sentence.  ***Commonwealth v. Weary***, No. 2338 EDA 2012 (Pa. Super. filed June 11, 2014).  On April 22, 2015, Weary filed a *pro se* PCRA petition.  The

---

[1] This was Weary's second trial.  His first trial ended in a mistrial before the Honorable M. Teresa Sarmina.

court appointed counsel, who filed an amended petition on June 19, 2016. On December 27, 2016, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 and, on January 9, 2017, the court dismissed Weary's petition. Weary filed a notice of appeal on January 20, 2017, and, on March 6, 2017, Weary filed a *pro se* application to remove counsel and proceed *pro se*. The PCRA court granted Weary's petition on April 4, 2017 and ordered him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Weary filed a timely Rule 1925(b) statement, and now raises the following issues for our review:

1. Whether [Weary] was denied effective assistance of counsel, under the United States and Pennsylvania Constitutions, when his lawyer misled him to believe alibi witness Latasha Banks was contacted and interviewed, and, whether PCRA counsel was ineffective for failing to raise this issue?

2. Whether the PCRA court erred when it failed to rule upon/grant [Weary's] request for discovery?

3. Whether [Weary] was denied effective assistance of counsel under the United States Constitution when trial counsel failed to object to the testimony of Police Officer Robert Stott?

4. Whether direct appellate counsel was ineffective for having failed to raise and preserve the issue of abuse of discretionary sentencing when the trial court abused its discretion by imposing a manifestly excessive sentence and failed to engage in a meaningful analysis of the gravity of the offense and appellant's rehabilitative needs, violating his rights under the Pennsylvania Sentencing [Code] and whether it violated his constitutional rights against cruel and unusual punishment, and whether the PCRA court erred when it failed to grant [Weary's] request for additional time to brief those issues before dismissing the claim?

Appellant's Brief, at 4 (reordered for consistency with trial court opinion).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free from legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

First, Weary argues trial counsel was ineffective for misleading him to believe alibi witness Latasha Banks was contacted and interviewed, which caused Weary to approve of counsel's strategy and agree not to call other witnesses. To succeed on a claim of ineffective assistance of counsel, the defendant must plead and prove that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the action or inaction; and (3) that but for counsel's error, the outcome of the proceeding would have been different. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (en banc). Counsel is presumed effective, and the petitioner bears the burden of proving otherwise. *Id.*

> Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests. Trial counsel will not be deemed ineffective for failing to assert a claim that would not have been beneficial, or for failing to interview or present witnesses whose testimony would not have been helpful. Nor can a claim of ineffective assistance generally succeed through comparing, by hindsight, the trial strategy employed with alternatives not pursued. A finding that a chosen strategy lacked

a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

***Commonwealth v. Howard***, 719 A.2d 233, 237 (Pa. 1998) (citations omitted).

Here, Weary affirmed, during a colloquy in this case, that he did not wish to call additional witnesses.

> THE COURT:  Mr. Weary, your attorney has advised me that he will be calling on your behalf one witness; that person's name, Syeed Scott. Do you understand that, sir?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Are there any other witnesses you wish to call?
>
> THE DEFENDANT:  No.

N.T. Jury Trial, 5/23/12, at 40.  Weary's claim, therefore, is meritless***. See Commonwealth v. Lawson***, 762 A.2d 753, 576 (Pa. Super. 2000) ("defendant who voluntarily waives his right to call witnesses during a colloquy cannot later claim ineffectiveness and purport that he was coerced by counsel.").

Next, Weary argues the PCRA court erred when it failed to rule upon and grant his request for discovery.  Weary claims that he was precluded from obtaining documents to determine whether a gun powder residue test was performed on Alan Reeder, whom Weary claimed was the shooter, and that he therefore was unable to develop an ineffectiveness claim.

In PCRA proceedings, discovery is only permitted upon leave of court after a showing of exceptional circumstances. 42 Pa.C.S.A. § 9545(d)(2);

Pa.R.Crim.P. 902(E)(1). The PCRA and the criminal rules of procedure do not define the term "exceptional circumstances." It is for the trial court, in its discretion, to determine whether a case is exceptional and discovery is therefore warranted. ***Commonwealth v. Dickerson***, 900 A.2d 407, 412 (Pa. Super. 2006).

Here, Weary presented a motion citing testimony from Reeder, in which Reeder stated detectives told him that gunshot residue testing on his (Reeder's) clothing produced negative results. First, we point out that Reeder's testimony was hearsay. Further, Detective John Harrigan, who initially led the criminal investigation, testified that he was not aware of any testing done on Reeder's clothing:

> Q: All right. Sir, also during you overseeing this investigation before it became a homicide, we've had testimony that there was clothing that was confiscated from Al Reeder's house. Did you ever observe the clothing that was taken from his house?
>
> A. No, sir.
>
> Q. Are you aware whether it was ever submitted for any testing, powder burn testing, or any other kind of testing ballistically in connection with this case?
>
> A. No, sir.
>
> Q. So you never read a report or anything that indicated that there was no powder burn evidence or anything like that, correct?
>
> A. No, sir.
>
> Q. And you can't tell us whether it was submitted for testing, correct?
>
> A. That's correct.

N.T. Jury Trial, 5/22/12, at 106. Officer Mark Swierczynski testified that another officer retrieved Reeder's clothing, but he did not know whether any ballistics testing was done on the clothing. N.T. Jury Trial, 5/15/12, at 123-24.

The trial court determined that Weary failed to establish exceptional circumstances. A mere hearsay suggestion of negative gun residue results does not warrant discovery, at the PCRA stage, to disprove that suggestion. We find no abuse of discretion. **Dickerson**, **supra**.

Next, Weary argues trial counsel was ineffective for failing to object to the testimony of Police Officer Robert Stott, claiming Officer Stott was not qualified to testify that the victim's wounds were consistent with being inflicted by handgun bullets, rather than projectiles fired from an assault rifle. Weary is incorrect. Trial counsel raised a specific objection to the Commonwealth's presentation of Officer Stott, who testified as the Commonwealth's firearms expert. In fact, trial counsel gave a detailed and comprehensive objection:

> [DEFENSE COUNSEL]: I had the opportunity to speak with the gentleman, and he has indicated to me that he's going to testify on direct examination that the wound that entered or -- I should say the entry wound to the left back and the exit wound to the front pelvis area that, in his opinion, after looking at the autopsy pictures, that that was caused by a handgun. My objection is as follows: We are towards the end of this trial. My whole defense, as Your Honor knows, has been based on the fact that the lead fragment found in that area came from an AK47, which he would certainly testify -- I read his testimony from before. That lead fragment could have come from any caliber weapon; however, there's nothing in the report, again, going back to November 1, 2007. This case was tried before, and this testimony was not elicited from the very same ballistics expert that will testify here.

Now, in the 11th hour, the Commonwealth is going to try, through the ballistics expert, that he could look at a picture of a wound then determine it was a handgun as opposed to an assault rifle that caused that wound. It is prejudicial if you allow it. I've had -- not had an opportunity – there's no report, nothing in writing of this. It's right on the afternoon in which the Commonwealth intends to call this expert. I don't have an opportunity to hire an expert to review the materials to see whether, in fact, this is accurate or can be contradicted or not. It's really -- again, we are supposed to be past the stage to get surprised at trial, where things come up that are not documented in the report. And I should state further for the record that this is not in any expert reports, never presented to me that he would testify to this. In fact, I objected when the medical examiner attempted to do it. It was overruled, but it's the same thing. To go in at the end of trial and allow this evidence in, a ballistics expert to comment on the wound saying it looks like it was an AK47 wound would be more severe, there should have been at least notice in a report. I should have had an opportunity, on behalf of my client, to try to counter with an expert to contradict that.

N.T. Jury Trial, 5/22/12 (Vol. 1), at 4-6.[2]

_____

[2] The assistant district attorney responded, and the trial court overruled the objection, stating:

[THE COURT]: The conclusion I reach is, if the witness is by training, education, or experience able to be qualified as an expert, he will be permitted to render an opinion in his area of expertise. And so the only thing that would preclude it would be the whole idea of surprise, and you seem to suggest to the Court that sentence of a report which explicitly articulates this position amounts to surprise. I don't think that's the case, personally, in light of the notes of testimony from the prior proceeding. So I am going to conclude that – you've made your record, and you have an exception –

*Id.* at 12-13. We also add that Officer Stott was qualified as an expert and, further, the jury had also heard testimony from the Commonwealth's medical examiner, Dr. Sam Gulino, with respect to the type of wounds inflicted upon the victim. Dr. Gulino, a forensic pathologist, testified that, in his opinion, two

Finally, Weary argues direct appeal counsel was ineffective for failing to challenge his sentence. He claims that during sentencing, the court did not engage in a meaningful analysis of his rehabilitative needs and that the court "had a fixed purpose of keeping him in jail for the rest of his life." Appellant's Brief, at 29. Essentially, Weary claims his sentence was excessive and an abuse of discretion. Again, Weary is incorrect and is not entitled to relief. A review of the post-sentence motion demonstrates that trial counsel did ask this Court to reconsider Weary's sentence. *See* Motion for Post-Verdict Relief, 7/24/12, at 2(C).[3]

Our review of the certified record demonstrates the PCRA court's order dismissing Weary's petition, without a hearing, is supported by the record and free from legal error. *Phillips*, *supra*; *Carr*, *supra*. Accordingly, we affirm.

Order affirmed.

---

of the decedent's wounds could have only been caused by a handgun, and that the third wound was consistent with a handgun, rather than an assault rifle. *See* N.T. Jury Trial, 5/17/12 (Vol. 5), at 15-19, 33-34.

[3] We add that in order to establish the prejudice prong of this ineffectiveness claim, Weary must show that he would have been successful on this issue on direct appeal. Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). The Supreme Court has cautioned that a reviewing court properly utilizing this standard of review would only "infrequently" determine a sentence was unreasonable. *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/2/18