J-A15025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRANDON J. RAYE | : | |
| | : | |
| Appellant | : | No. 1558 MDA 2017 |

Appeal from the PCRA Order September 21, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001583-2007

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 02, 2018**

Brandon J. Raye (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA).  Upon review, we affirm.

On July 11, 2007, Appellant entered an open guilty plea to two counts of possession with intent to deliver.[1]  The trial court sentenced him on July 25, 2007 to a term of five to ten years in prison.  On December 15, 2016, Appellant filed a *pro se* PCRA petition.  The PCRA court appointed counsel (PCRA counsel), who, after reviewing the record, determined that the issues raised by Appellant were untimely and without merit.  PCRA counsel filed a petition to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544

---

[1] 35 P.S. § 780-113(a)(30).

A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998), which the PCRA court granted.

On August 3, 2017, the PCRA court issued notice of its intention to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant failed to respond and on September 21, 2017, the PCRA court dismissed Appellant's petition as untimely. Appellant filed a timely *pro se* notice of appeal and complied with the PCRA court's order directing compliance with Pa.R.A.P. 1925. Thereafter, the PCRA court notified this Court of its intention to rely upon its August 3, 2017 notice dismissing Appellant's PCRA petition as support for its decision on appeal.

Appellant raises the following issues for our review:

1. Is trial counsel deemed constitutional (state and federal), ineffective for failing to make sure that a bona fide sentencing order signed by a Judge was included/made part of the record for the purpose of triggering the appeal process?

2. Does absence of an appealable order in the official record make/render all appeals submitted thereafter moot and/or void ab initio because they are fruit from a "poisonous tree[?]"

3. Is [Appellant's] confinement to a State Correctional Institution without a lawful, bona fide sentencing order signed by a Judge unlawful confinement?

4. Should [Appellant] be remanded back to Dauphin County Prison until/in light of a 'remedy' under Pa. Constitution Article 1, section 11?

Appellant's Brief at i (suggested answers omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA

court's determination is free of legal error. **Commonwealth v. Robinson**, ___ A.3d ___, 2018 WL 2041425, *2 (Pa. Super. 2018) (*en banc*) (citing **Commonwealth v. Holt**, 175 A.3d 1014, 1017 (Pa. Super. 2017)). A PCRA petitioner must establish the claim by a preponderance of the evidence. **Commonwealth v. Gibson**, 925 A.2d 167, 169 (Pa. 2007).

Before reaching the merits of a petitioner's claim, section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

This Court has held that the timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." **Commonwealth v. McKeever**, 947 A.2d 782, 784-785 (Pa. Super. 2008) (citing **Commonwealth v. Davis**, 916 A.2d 1206, 1208 (Pa. Super. 2007)). Therefore, "no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." **Id.** at 785.

Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." **Commonwealth v.**

*Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." *Robinson*, 2018 WL 2041425, *3 (quoting 42 Pa.C.S.A. § 9545(b)(2)).

In this case, the trial court sentenced Appellant on July 25, 2007. Appellant did not file a direct appeal, and thus, his judgment of sentence became final 30 days later, on August 24, 2007. *See* Pa.R.A.P. 903(a). Appellant did not file the instant PCRA petition until December 15, 2016. Because he did not file the petition within one year of the date the judgment became final, we conclude that Appellant's petition is facially untimely.

From what we are able to glean from his brief, Appellant's first claim alleges that counsel was ineffective. However, Appellant does not allege the applicability of any exception to the PCRA's time-bar. *See* Appellant's Brief at

1-7. Because Appellant does not allege any exception to the time-bar, we conclude that he has failed to meet his burden under the PCRA. ***Hernandez***, 79 A.3d at 651; ***see also Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001) (holding that "claim[s] that counsel was ineffective will not save an untimely PCRA petition").

Appellant's second, third and fourth issues are related and, thus, we address them together. Appellant argues that he is entitled to a hearing on his petition because jurisdictional defects in the procedures employed in the underlying proceedings rendered his judgment of sentence "moot and/or void *ab initio*." Appellant's Brief at i. Specifically, he asserts that the clerk of courts erred by failing to formally enter an order detailing his judgment of sentence. ***Id.*** at 1. This claim also fails due to Appellant's failure to plead and prove an exception to the PCRA's time bar. ***See Commonwealth v. Dickerson***, 900 A.2d 407, 412 (Pa. Super. 2006) (holding that a jurisdictional defect "does not overcome the PCRA's one year jurisdiction time-bar as it does not fall within one of the statutory exceptions"). Further, our review of the certified record confirms that an order imposing the judgment of sentence was entered on July 25, 2007.

In sum, we lack jurisdiction to address the merits of Appellant's claims. We therefore affirm the PCRA court's dismissal of Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/18