J-S25042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOWARD SCOTT ALLISON | : | |
| | : | |
| Appellant | : | No. 1849 WDA 2017 |

Appeal from the PCRA Order November 28, 2017
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0001007-2007

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:　　　　　　　　　　　**FILED AUGUST 09, 2018**

Howard Scott Allison appeals, *pro se*, from the order entered November 28, 2017, in the Blair County Court of Common Pleas, dismissing as untimely his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Allison seeks relief from the judgment of sentence of an aggregate term of 12½ to 25 years' imprisonment, imposed on November 6, 2008, following his jury conviction of rape, statutory sexual assault and corruption of minors,[1] for the sexual abuse of his minor niece in December of 1998.  We affirm.

The facts underlying Allison's conviction are well-known to the parties and we need not reiterate them herein.  In summary, Allison was charged with sexually abusing his six-year old niece eight years after the alleged incident.

_____

[1] *See* 18 Pa.C.S. §§ 3121(a)(6), 3122.1, and 6301(a)(1), respectively.

At trial, the court admitted evidence, introduced by the Commonwealth, that Allison had molested his two sisters sometime before the incident involving his niece. Allison presented an alibi defense to the present charges. As noted above, a jury found Allison guilty of rape and related charges. On November 6, 2008, Allison was sentenced to a term of 10 to 20 years' imprisonment for rape, and a consecutive term of two and one-half to five years' imprisonment for corruption of minors. On June 15, 2010, a panel of this Court affirmed his judgment of sentence on direct appeal. *See Commonwealth v. Allison*, 4 A.3d 689 (Pa. Super. 2010) (unpublished memorandum).

Allison filed a timely *pro se* PCRA petition on February 25, 2011. Counsel was appointed, and filed an amended petition on May 23, 2011. The PCRA court denied relief, and the order was subsequently affirmed on appeal. *See Commonwealth v. Allison*, 60 A.3d 561 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 1242 (Pa. 2013).

On October 23, 2017, Allison filed the present *pro se* PCRA petition. The court issued notice on November 6, 2017, of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On November 20, 2017, Allison filed a *pro se* objection to the court's Rule 907

notice. Thereafter, on November 30, 2017, the PCRA court entered an order dismissing Allison's petition as untimely filed. This appeal followed.[2]

On appeal, Allison contends the PCRA court erred in dismissing his petition as untimely filed because the trial court lacked subject matter jurisdiction to prosecute him when: (1) the crime with which he has charged was repealed before his prosecution; (2) he was denied the right to counsel during a critical stage of the proceedings; and (3) the court improperly denied him court-appointed counsel to petition for allowance of appeal to the Pennsylvania Supreme Court after his judgment of sentence was affirmed on direct appeal. *See* Allison's Brief at 15, 18, 23. In addition, Allison insists he is factually innocent, and his conviction represents a miscarriage of justice. *See id.* at 25.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine

---

[2] On December 15, 2017, the PCRA court ordered Allison to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Allison complied with the court's directive and filed a concise statement on January 2, 2018.

issues of material fact and the petitioner is not entitled to relief." ***Id.*** at 1284 (citations omitted).

Here, the PCRA court determined Allison's petition was untimely filed. We agree. Further, upon our review of the record, the parties' briefs, and the relevant statutory and case law, we find the PCRA court thoroughly addressed and adequately disposed of Allison's claims in its opinion and order entered on November 28, 2017. ***See*** Trial Court Opinion and Order, 11/28/2017, 1-4 (finding (1) Allison's judgment of sentence was final on July 15, 2010, 30 days after this Court affirmed and Allison failed to file a petition for allowance of appeal in the Pennsylvania Supreme Court; (2) under the PCRA, Allison had one year, or until July 15, 2011, to file a timely petition;[3] (3) his petition filed on October 23, 2017, was facially untimely; (4) Allison failed to plead or prove any of the time for filing exceptions in the PCRA;[4] and (5) Allison's reliance on the federal Antiterrorism and Effective Death Penalty Act ("AEDPA"),[5] is

_____

[3] ***See*** 42 Pa.C.S. § 9545(b)(1).

[4] ***See id.*** at § 9545(b)(1)(i)-(iii).

[5] ***See*** 28 U.S.C. § 2254.

misplaced because "the PCRA is not controlled by the timeliness requirements under the AEDPA").[6]  Therefore, we rest on the court's well-reasoned basis.[7]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/9/2018

---

[6] Trial Court Opinion and Order, 1128/2017, at 3.

[7] We note that in his reply brief, Allison asserts that his claims involve questions of subject matter jurisdiction, which "can never be waived."  **See** Allison's Reply Brief at unnumbered 1.  In support of this contention, he refers to the statement of jurisdiction in his original brief.  **See id.**  However, the cases he cites therein are civil decisions, and irrelevant to an interpretation of the PCRA.  **See** Allison's Brief at 1.  More importantly, one of the enumerated bases for relief under the PCRA is "[a] proceeding in a tribunal without jurisdiction."  42 Pa.C.S. § 9543(a)(2)(viii).  This Court has previously found a claim the trial court lacked subject matter jurisdiction "does not overcome the PCRA's one year jurisdictional time-bar as it does not fall within one of the statutory exceptions."  **Commonwealth v. Dickerson**, 900 A.2d 407, 412 (Pa. Super. 2006)_, appeal denied_, 911 A.2d 933 (Pa. 2006).  Accordingly, Allison's argument is without merit.

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,　　　　:

　　　　　　　　　　　　　　　　　　　:　　　2007 CR 1007

　　　　　　　v.　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　:

HOWARD SCOTT ALLISON,　　　　　　　:

　　　　　DEFENDANT　　　　　　　　　:

| ELIZABETH A. DOYLE | PRESIDENT JUDGE |
| DISTRICT ATTORNEY'S OFFICE | ATTORNEY FOR COMMONWEALTH |
| HOWARD SCOTT ALLISON | SELF REPRESENTED LITIGANT |

## OPINION AND ORDER

The Defendant/Petitioner, Howard Scott Allison, responds to the Court's order of November 1, 2017, where the Court notified the Defendant, pursuant to Pennsylvania Rule of Criminal Procedure 907, that it dismissed his second petition filed under the Post-Conviction Relief Act (PCRA) for lack of jurisdiction, due to the facially untimeliness of the petition and the failure of the Petitioner to plead one of the statutory exceptions. In his response, the Petitioner asserts that his petition is timely under the Federal Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, either through the tolling of the timeliness requirement in the AEDPA statute or through his assertion of actual innocence based on an unreasonable determination of the facts presented at trial.

Jurisdiction of a PCRA court is controlled by 42 Pa. C.S.A. § 9545, which reads, in relevant part:

1

(b) Time for filing petition.--
(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa .C.S.A. § 9545. "[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy." *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). No court has the authority to grant equitable exceptions or to extend time limits except as allowed by statute. *Id.* The strict time limitations show a clear intent by the legislature to ensure finality in the collateral review process. *Id.*

Before going through an analysis of the petition, the Court notes that it made an error in its determination of the date when the Petitioner's judgment was final, however that error is harmless to the Petitioner and does not affect the Court's decision. A review of the docket indicates that the Superior Court denied the Petitioner's direct review appeal on June 15, 2010. The Petitioner did not file an appeal to the Supreme Court within the thirty (30) days from the date judgment of sentence was affirmed by the

2

Superior Court. *See* Pa. R.A.P. 1113. Thus, his final date of his judgment was July 15, 2010, *See Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa. Super. 2000) (finding that a judgment becomes final 30 days after a decision from the Superior Court when a defendant does not file an allowance of appeal with the Supreme Court of Pennsylvania). As a result, the Petitioner had until July 15, 2011 to file his PCRA petition.[1] As this petition was filed on October 23, 2017, the petition is facially untimely. Consequently, the Petitioner must plead one of the timeliness exceptions listed in the statute.

While in his response the Petitioner asserts timeliness under the AEDPA, the petition filed at the state court level under the PCRA is not controlled by the timeliness requirements under the AEDPA. Interpretations under the AEDPA and Federal habeas corpus proceedings do not inform a determination of proceedings under the PCRA. The Petitioner asserts that the Court must grant him a ninety (90) day tolling of the timeliness requirement under the AEDPA to rectify constitutional defects concerning discretionary appeal to the Supreme Court during his direct appeal stage. However, as stated above, the PCRA does not allow for tolling of the timing requirements, and the Petitioner must therefore assert a statutory timeliness exception. *See Bennett, supra.* This Court has neither the statutory or equitable power to extend the filing of the appeal except the limited exceptions contained in the PCRA. Therefore the Court will not grant the tolling of the filing date demanded by the Petitioner.

---

[1] The Petitioner filed his first PCRA petition on February 25, 2011. Counsel was appointed. The PCRA Court denied this petition on December 16, 2011. The Petitioner appealed to the Superior Court, which affirmed the PCRA Court's decision on August 7, 2012. The Supreme Court denied an allowance of appeal on January 9, 2013.

3

Moreover, the substance of the Petitioner's response and second petition does not plead any of the exceptions listed under Section 9545(b). While marking on the petition form that his claims were not presented due to governmental interference, the Petitioner does not make any such pleading that shows that his claims were not raised due to governmental interference. In addition, the Petitioner has not pleaded a constitutional right which has been determined to apply retroactively. Furthermore, the Petitioner does not plead that he has recently discovered facts about his claim that he could not have discovered with the exercise of due diligence. In fact, the majority of his claims are based on evidence presented at trial which the Petitioner argues proves his actual innocence, and thereby invoking the miscarriage of justice exception, overcoming the statute of limitations of the AEDPA.[2] *See McQuiggin v. Perkins*, ___U.S.___, 133 S.Ct. 1924 (2013). However, federal decisions pertaining to federal habeas corpus proceedings are irrelevant to construction of timeliness under the PCRA. *Commonwealth v. Brown*, 143 A.3d 418, 420-21 (Pa. Super. 2016).

After review of the Petitioner's response to the Court's notice of November 1, 2017, the Court finds no genuine issue of material fact exists in the Petition or the response. The Petitioner has filed a facially untimely petition and has not adequately pleaded an exception to the timing requirements found in 42 Pa. C.S.A. § 9545. As the timing requirements implicate the Court's jurisdiction to hear and decide this petition, this Court dismisses the petition, for lack of jurisdiction.

---

[2] The Petitioner also pleads *ex post facto* and double jeopardy violations based on his sentence. Issues of sentencing are properly raised in a PCRA petition, and must apply to the timeliness requirements of the PCRA. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa.1999) The Petitioner avers that the issue concerned actions of trial counsel and was raised in this first PCRA petition and has not pleaded anything that would qualify under a timing exception under 42 Pa. C.S.A. § 9545.

4

For the foregoing reasons, we enter the following:

## ORDER OF COURT

AND NOW, this ___28th___ day of November, 2017, after review of the Defendant's response to the Court's Opinion and Order titled, "Objection to Intention to Dismiss Second Post Conviction Relief Act Petition for Lack of Jurisdiction Pursuant to Pa. R. Crim. P. #907," the Court finds that there are no genuine issues of material fact raised by the Defendant in his petition or response. Therefore, it is hereby ORDERED, DIRECTED and DECREED that the Defendant's petition is DISMISSED without a hearing for lack of jurisdiction.

YOU ARE HEREBY ADVISED THAT Pursuant to Rule 907(4) of the Pennsylvania Rules of Criminal Procedure, you have a right to appeal from the Court's decision disposing of your petition. Pa. R. Crim. P. 907(4). If you choose to exercise that right, you must do so within thirty (30) days of the date of this order. Pa. R. Crim. P. 907(4); Pa. R. App. P. 903(a).

BY THE COURT:

_____ P.J.

5