J-S43022-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMOWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN MULLARKEY | |
| Appellant | No. 1898 WDA 2019 |

Appeal from the PCRA Order entered December 2, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0013073-2007

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    FILED DECEMBER 16, 2020

Appellant, John Mullarkey, appeals pro se from the December 2, 2019 order entered in the Court of Common Pleas of Allegheny County, denying his second petition for collateral relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

Appellant presents one issue in this appeal:

I.    Whether the trial court erred by denying/dismissing Appellant's Post-Conviction Relief Act Petition without ordering evidence be provided to Appellant and without a hearing?

Appellant's Brief at 2.

As our Supreme Court recently reiterated:

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error.  Commonwealth v. Mason, 634 Pa. 359, 130 A.3d 601,

617 (2015). The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. Commonwealth v. Hanible, 612 Pa. 183, 30 A.3d 426, 438 (2011). . . . The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. Mason, 130 A.3d at 617. However, we review the PCRA court's legal conclusions de novo. Id.

Commonwealth v. Small, --- A.3d ---, 2020 WL 5833781, at *8 (Pa. October 1, 2020).

The underlying facts are not in dispute. On August 15, 2007, Appellant, who was then eighteen years old, stabbed his sixteen-year-old "on again-off again" girlfriend Demi sixteen times. Demi managed to run out of her house, covered in blood, and told a neighbor that Appellant stabbed her. She collapsed and, despite the efforts of paramedics, later died.

Appellant was convicted of first-degree murder and was sentenced to life in prison without parole. His direct appeal attempts were unsuccessful, as were his initial attempts for PCRA and habeas corpus relief.

Appellant filed the instant PCRA petition, his second, on July 6, 2017. Proceedings were stayed pending disposition of his habeas corpus proceedings in federal court. In the petition, Appellant claimed that the Investigation Discovery television network aired a program called Scene of the Crime on May 7, 2017, that covered his case. He claimed he was previously unaware

of four pieces of evidence featured in the program, including interviews and video footage.[1]

On May 13, 2019, after PCRA proceedings resumed, Appellant filed a "petition for certificate directing appearance of out of state witness to appear and bring documents." He sought an order compelling discovery from Discovery, Inc., of dash cam video in its possession. In its response to the petition, the Commonwealth contended that Mullarkey failed to plead or prove exceptional circumstances that would merit discovery in PCRA proceedings. Further, because the petition was Appellant's second, he was required to present a strong prima facie showing that a miscarriage of justice occurred.

The PCRA court denied Appellant's request for the appearance of an out-of-state witness. On July 18, 2019, Appellant filed an amended PCRA petition, asserting entitlement to a new trial because the Commonwealth failed to disclose that more than one dash cam video existed. He claimed the additional video might contain exculpatory evidence that was unavailable at trial and might have changed the outcome if introduced, although he acknowledged

_____

[1] The PCRA court did not discuss the timeliness of Appellant's petition. Further, the Commonwealth did not file an answer to the petition and, therefore, did not question whether Appellant complied with the requirements of 42 Pa.C.S.A. § 9545(b)(1). However, we concur with the Commonwealth's suggestion that Appellant's petition satisfied the requirements of Section 9545(b)(1)(ii) in effect in 2017 by filing his petition within 60 days of the date the television show aired. See Commonwealth Brief at 9 n. 2. Therefore, we shall address the merits of Appellant's claims.

that any possible change in the outcome could not be ascertained until the video was produced. The Commonwealth did not file a response to the amended petition.

On October 17, 2019, the PCRA court issued a Rule 907 notice of intention to dismiss Appellant's petition without a hearing. Noting that Appellant's petition was his second PCRA petition, the court recognized Appellant's burden of making a prima facie showing "that the proceedings resulting in his conviction were so unfair that a miscarriage of justice may have occurred." Memorandum Opinion, 10/17/19, at 6 (citing Commonwealth v. Lawson, 549 A.2d 107 (Pa. 1988)). Further, the court noted the requirements for requesting an evidentiary hearing under 42 Pa.C.S.A. § 9545(d). Specifically, Appellant was required to set forth an offer to prove the existence of a material dispute of fact that would support relief if decided in his favor. "At minimum, [Appellant] must identify the evidence, explain what material facts it would be relevant to and proffer how such evidence, had it been available, would have changed the outcome of the trial." Id. at 7.

The PCRA court determined that Appellant failed to offer an explanation of what the dash cam evidence would show, any material facts to which it would be relevant, or how it could possibly have affected the outcome of the case. "In fact, the best [Appellant] can do is suggest that what is depicted on this other dash cam video may constitute exculpatory evidence. Id. (citing

Amended PCRA Petition, 7/18/19, at ¶ 36) (emphasis in original). The court further indicated that it had reviewed the footage used in the documentary that was "purportedly" from the previously unavailable dash cam video. "It shows nothing more than the scene as the officer arrives and parks next to a building, facing away from where the victim and [Appellant] were laying [sic]."[2] The court concluded that Appellant had not "even attempt[ed] to explain how another video from the dash cam of a police car arriving at the scene would have assisted in establishing" a defense that Appellant was unable to form the specific intent to kill because he was suffering from a mental illness or disturbance that affected his cognitive abilities. Id. at 9. In light of the overwhelming evidence, including eyewitness testimony, "[a] second view of the crime scene that might be provided if another dash cam video exists could not possibly have affected the outcome of this trial." Id. at 11.

On December 2, 2019, the court issued its order dismissing Appellant's petition. This timely appeal followed. The PCRA court did not order the filing of a Rule 1925(b) statement. PCRA counsel was granted leave to withdraw and Appellant's request for appointment of counsel was denied. By order issued January 10, 2020, the PCRA court indicated that the reasons for

---

[2] In what appeared to be a suicide attempt, Appellant slashed his own throat after stabbing his victim and then followed her outside her home. He was also lying outside when the paramedics arrived and transported him to the hospital.

dismissal of Appellant's petition were set forth in its October 17, 2019 Memorandum Opinion and Rule 907 Notice of Intent to Dismiss.

The first prong of Appellant's issue on appeal challenges the PCRA court's denial of his discovery request. In Commonwealth v. Frey, 41 A.3d 605 (Pa. Super. 2012), this Court observed:

> In PCRA proceedings, discovery is only permitted upon leave of court after a showing of exceptional circumstances. 42 Pa.C.S.A. § 9545(d)(2); Pa.R.Crim.P. 902(E)(1). The PCRA and the criminal rules do not define the term "exceptional circumstances." Rather, it is for the trial court, in its discretion, to determine whether a case is exceptional and discovery is therefore warranted. Commonwealth v. Dickerson, 900 A.2d 407, 412 (Pa. Super. 2006).

Id. at 611. Further,

> [m]ere speculation that Brady[3] materials may exist does not constitute a showing of exceptional circumstances as required by this rule. See [Commonwealth v. Lark, 746 A.2d 585 (Pa. 2000)], supra, (finding appellant's request to review government files for evidence of payments to witnesses properly rejected as fishing expedition where allegation was pure speculation). Accordingly, Appellant has failed to demonstrate that the PCRA court abused its discretion in denying his request for discovery.

Dickerson, 900 A.2d at 412.

As noted above, the PCRA court determined that Appellant failed to explain what the dash cam evidence would show or how it could possibly affect the outcome of the case. Appellant did not provide any support for his contention the evidence could be "favorable" to his defense. Based on its

_____

3 Brady v. Maryland, 373 U.S. 83 (1965).

review, the PCRA court found Appellant failed to establish the exceptional circumstances required to permit discovery in a PCRA proceeding. Memorandum Opinion, 10/17/19, at 8. We find no abuse of discretion in the PCRA court's determination that a second dash cam view of the crime scene could not have affected the outcome of the trial. Therefore, Appellant is not entitled to relief on the evidentiary prong of his issue.

Appellant next asserts PCRA court error for dismissing his petition without first conducting an evidentiary hearing. However, it is well established that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." Commonwealth v. McGarry, 172 A.3d 60, 70 (Pa. Super. 2017) (quoting Commonwealth v. Jones, 942 A.2d 903, 906 (Pa. Super. 2008)). Further, "[w]ith respect to the PCRA court's decision to deny a request for an evidentiary hearing . . ., such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." Id. (quoting Mason, 130 A.3d at 617). No material facts exist in the record that necessitate an evidentiary hearing. We find no abuse of discretion on the part of the PCRA court for declining to hold an evidentiary hearing.

Because the PCRA court's findings of fact are supported by the record and its legal conclusions are free from legal error, we shall affirm the December 2, 2019 order dismissing Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/16/2020</u>